**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

JAMES RIVER INSURANCE COMPANY,
a foreign corporation,

    Plaintiff,

vs.                                          CASE NO. 3:10-cv-23-J-32TEM

SM-ASHLEY PARK, LLC,
a Florida corporation, and
NORMAN HANLIN, an individual

    Defendants.

_____

**REPORT AND RECOMMENDATION[1]**

This case is before the Court upon referral from the Honorable Timothy J. Corrigan for a report and recommendation on Plaintiff's Motion for Judgment Upon Default Against Defendant SM-Ashley Park, LLC (Doc. #8, Motion for Default Judgment) (*see also,* Doc. #16, Court Order). For the reasons stated below, the undersigned recommends the Motion for Default Judgment be denied and the Clerk's default against Defendant SM-Ashley Park, LLC be set aside.

**Background**

This case for damages and declaratory relief was brought in federal court pursuant to 28 U.S.C. § 2201 to determine an actual controversy between the parties regarding

---

[1]Any party may file and serve specific, written objections hereto within FOURTEEN (14) DAYS after service of this Report and Recommendation. Failure to do so shall bar the party from a *de novo* determination by a district judge of an issue covered herein and from attacking factual findings on appeal. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); and, Local Rule 6.02(a), United States District Court for the Middle District of Florida.

coverage under an insurance policy (*see* Doc. #1, complaint).  Plaintiff asserted the Court has diversity jurisdiction under 28 U.S.C. § 1332.  A review of the record reveals Plaintiff, a foreign corporation, filed a complaint against Defendant SM-Ashley Park, LLC (hereinafter, Ashley Park), a Florida corporation, and Mr. Normal Hanlin, an individual, on January 11, 2010.  A summons for Ashley Park was issued on January 15, 2010 and returned on February 1, 2010.  The Affidavit of Service (Doc. #5) was filed on February 26, 2010.  Upon Plaintiff's motion, the Clerk entered default against Ashley Park on March 2, 2010 (Doc. #7).  Plaintiff filed its motion for default judgment on March 18, 2010 (Doc. #8).  Ashley Park's letter response to the motion for default judgment was filed in the record on September 22, 2010 (Doc. #18), with permission of the Court.

In consideration of the matter referred to the undersigned, the Court held a telephonic hearing on October 7, 2010.  Counsel for Plaintiff participated in the telephonic hearing, as did Mr. John S. Newsome, Manager of Defendant SM-Ashley Park, LLC, and Ms. Kimberly M. McAllister, Esq., Registered Agent for Defendant Ashley Park.[2]

During the course of the hearing, the Court was able to ascertain that Defendant Ashley Park is, in fact, a business corporation that falls squarely within the meaning of Local Rule 2.03(e), United States District Court, Middle District of Florida.  The Court was

---

[2] *See* Doc. #5, Affidavit of Service, wherein Ms. McAllister accepted service of process in this case as the registered agent for Ashley Park.  *See also*, www.sunbiz.org, Florida Department of State, Division of Corporations, Entity Name Search, SM-Ashley Park, LLC (last visited 10/6/2010). The Court notes Ms. McAllister is an attorney admitted to practice before this Court. *See* www.flmd.uscourts.gov, Attorney Resources, Search the MDFL Roster (last visited November 9, 2010).  (The Court refers to the public websites for informational purposes only.  The Court accepts no responsibility for and does not endorse any content found at public websites.  Furthermore, the Court's opinion is not affected should the websites cease to be available to be available in the future.)

advised the limited liability corporation (LLC) of Ashley Park is comprised of "many investors."[3]  Accordingly, the Court advised Mr. Newsome and Ms. McAllister that this suit as to Ashley Park may not proceed without legal counsel as contemplated in Local Rule 2.03(e).  The Court further advised it would have no alternative but to recommend default judgment be granted against Defendant Ashley Park if a notice of appearance by legal counsel and a responsive pleading were not filed in this case on its behalf within the next two weeks.  See *African Methodist Episcopal Church, Inc. v. Ward*, 185 F.3d 1201, 1203 (11th Cir. 1999) ("[t]he threat of default (and default judgment) is the court's primary means of compelling defendants in civil cases to appear before the court.").  Plaintiff's counsel was given the opportunity to object to the two week deadline, and stated there was no objection. The Court subsequently entered a written order (Doc. #23), directing Defendant SM-Ashley Park, LLC to obtain legal representation by the close of business on October 21, 2010.  The parties were advised failure to comply with the order would result in the recommendation by the undersigned that default judgment be entered against  this Defendant.

On October 21, 2010, the Notice of Appearance of Counsel for Ashley Park (Doc. #24) was filed, as was Ashley Park's Motion to Open and Set-Aside Clerk's Default (Doc. #25).  To date, Plaintiff has not responded to Ashley Park's Motion to Open and Set-Aside Clerk's Default (Doc. #25).  Accordingly, the matter pertaining to default of Ashley Park is fully ripe for the Court's consideration.

---

[3]The non-transcribed recording of the hearing is hereby incorporated by reference.  The parties may contact the Courtroom Deputy of the undersigned if a transcript of the hearing is desired.

**Analysis**

In this case, Defendant SW-Ashley Park, LLC failed to appear and defend this case in a timely manner. Mr. John Newsome, as Ashley Park's manager and representative, asserted Ashley Park was unable to make a proper appearance and defend this action because it could not afford legal representation (*see generally*, Doc. #18). However, as noted above, Ashley Park is a corporation within the meaning of Local Rule 2.03(e) and has in-house counsel who is a member of this Bar. Thus, there is a reasonable inference that Defendant Ashley Park is indeed able to defend this action. On these facts, the Court determined Ashley Park should be required, at a minimum, to have counsel an appearance and file a responsive pleading within a short time frame. Ashley Park has retained counsel who now seeks permission to file an answer and affirmative defenses on behalf of Ashley Park, and requests the Clerk's default in this matter be set aside.

The Court has discretion in deciding whether to set aside an entry of default. *Robinson v. United States*, 734 F.2d 735, 739 (11th Cir. 1984). Judgments by default are generally not favored and any doubt should be resolved in favor of permitting a hearing on the merits. *In re Worldwide Web Systems, Inc.,* 328 F.3d 1291, 1295 (11th Cir. 2003)*; Woodbury v. Sears, Roebuck & Co.*, 152 F.R.D. 229, 236 (M.D. Fla. 1993), *citing Rasmussen v. W.E. Hutton & Co.*, 152 F.R.D. 231, 233 (N.D. Ga. 1975), *citing McGrady v. D'Andrea Elec., Inc.*, 434 F.2d 1000, 1001 (5th Cir. 1970). "[D]efault judgments should only be entered if exceptional circumstances exist." *Kiera v. United States Postal Service*,

145 Fed. Appx. 637, 638 n3 (11th Cir. 2005),[4] *citing Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1316 (11th Cir. 2002).

Rule 55(c), Fed. R. Civ. P., provides for an entry of default to be set aside upon a showing of good cause. The good cause standard used in setting aside an entry of default is less rigorous than the excusable neglect standard used in setting aside a default judgment. *Equal Employment Opportunity Comm'n v. Mike Smith Pontiac GMC, Inc.*, 896 F.2d 524,528 (11th Cir. 1990). While Plaintiff in the instant action has sought default judgment against Ashley Park for failure to timely appear and defend the action, default judgment has not been entered. Thus, the Court need determine whether good cause exists to set aside the Clerk's default.

The good cause standard from Rule 55(c) is not rigidly defined and varies from situation to situation. *Compania Interamericana Export-Import v. Compania Dominicana de Avacion*, 88 F.3d 948, 951 (11th Cir. 1996); *Heaton v. Bonacker & Leigh*, 173 F.R.D. 533, 535 (M.D. Ala. 1997). The Eleventh Circuit has recognized that good cause is not susceptible to a precise formula, but some general guidelines are commonly applied. *Compania Interamericana*, 88 F.3d at 951. "Courts have considered whether the default was culpable or willful, whether setting it aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense." *Id.*

---

[4]Unpublished opinions may be cited throughout this order as persuasive on a particular point. The Court does not rely on unpublished opinions as precedent. Citation to unpublished opinions on or after January 1, 2007 is expressly permitted under Rule 32.1, Fed. R. App. P. Unpublished opinions may be cited as persuasive authority pursuant to the Eleventh Circuit Rules. 11th Cir. R. 36-2.

A party's failure to answer a complaint, when shown to be intentional or with a reckless disregard for the judicial proceedings, may be seen as a willful default. *Id.* at 951-92. In this case, the Ashley Park, through its manager, responded to Plaintiff's motion for a default judgment by way of a letter directed to the Court on September 2, 2010. Albeit somewhat tardy, this responsive action taken by a lay person does not reflect willful or culpable conduct.

As counsel for Ashley Park now correctly notes, this case is in its early stages. A scheduling order has yet to be entered and discovery has yet to commence. While it is true Plaintiff has suffered a delay in the litigation, there is no evidence this delay has resulted in any substantial prejudice to any of the parties. At most, Plaintiff must now proceed to litigate the case it brought in the first place. The Third Circuit has noted that the fact a plaintiff may have to prove and litigate its case on the merits, rather than proceed by default, does not establish prejudice. *See Choice Hotels Int'l, Inc. v. Pennave Assoc., Inc.*, 192 F.R.D. 171, 174 (3rd Cir. 2000). The Eleventh Circuit has echoed this same sentiment in *dicta*. *See Connecticut State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337, 1357 (11th Cir. 2009) (citing to *Lacy v. Sitel Corp.*, 227 F.3d 290, 293 (5th Cir.2000) for the proposition "[t]here is no prejudice to the plaintiff where the setting aside of the default has done no harm to plaintiff except to require it to prove its case"). Thus, the Court finds Plaintiff would not be prejudiced if the default against Defendant Ashley Park were set aside.

Having reviewed the proposed answer and affirmative defenses of Ashley Park, the undersigned finds Ashley Park does, at a minimum, present a meritorious defense to this

litigation. The proposed affirmative defenses are supported by plausible statements of fact sufficient to find this factor weighs heavily in support of setting aside the Clerk's default.

**Conclusion**

For the above reasons, and upon due consideration, it is respectfully recommended the District Court deny Plaintiff's Motion for Judgment Upon Default Against Defendant SM-Ashley Park, LLC (Doc. #8) and grant Ashley Park's Motion to Open and Set-Aside Clerk's Default (Doc. #25). It is further recommended the District Court permit Ashley Park to file the proposed Answer and Affirmative Defenses, found attached as Exhibit B to the motion to set aside the default (Doc. #25).

**DONE AND ENTERED** at Jacksonville, Florida this 16th day of November, 2010.

Copies to all counsel of record

*Thomas E. Morris*
**THOMAS E. MORRIS**
United States Magistrate Judge